UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Melissa Chaca,<br><br>    Plaintiff,<br><br>v.<br><br>Central Portfolio Control, Inc.,<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

**PARTIES**

1. Plaintiff, Melissa Chaca ("Melissa"), is a natural person who resided in Oak Forest, Illinois, at all times relevant to this action.

2. Defendant, Central Portfolio Control, Inc. ("CPC"), is a Minnesota corporation that maintained its principal place of business in Minnetonka, Minnesota, at all times relevant to this action.

**JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.,* because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, CPC collected consumer debts.

7. CPC regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of CPC's revenue is debt collection.

9. CPC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. At all relevant times, CPC was engaged in "trade" and "commerce" as defined by 815 ILCS 505/1(f).

11. As described, *infra*, CPC contacted Melissa to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Melissa is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. In or around March 28, 2024, Melissa began to receive text messages from CPC concerning an alleged debt.

15. Shortly thereafter, Melissa responded to the text message from CPC and informed CPC that she would not pay the alleged debt and demanded that all future communications stop.

16. Despite her request for no further communications, CPC began texting Melissa's boyfriend, on no less than three occasions, in an attempt to collect the alleged debt from Melissa.

17. Despite having Melissa's cell phone number and her location information, the text messages were addressed to her, thereby disclosing the existence of the debt to her boyfriend.

18. Although Melissa informed CPC she did not want any more calls, she was concerned that CPC would continue to call third parties in an attempt to collect the debt.

19. CPC maintains policies and procedures that when a debtor refuses to pay and requests no further communication, CPC ignores the requests and contacts third parties to shame and embarrass consumers in order to coerce consumers into paying the debt.

20. There was no reasonable business need to contact a third party as CPC had location information for Melissa and CPC had already received a refusal to pay and request to stop further communication.

21. Melissa has suffered concrete harm as a result of CPC's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, and emotional distress including anxiety, embarrassment, and shame.

## COUNT I

**Violation of the Fair Debt Collection Practices Act**

22. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 21 above as if fully set forth herein.

23. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT II

**Violation of the Fair Debt Collection Practices Act**

24. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 21 above as if fully set forth herein.

25. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff with respect to the debt notwithstanding its receipt of written instructions to cease communications with Plaintiff.

## COUNT III

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 21 above as if fully set forth herein.

27. A debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.,* 256 F.R.D. 661, 671 (D.N.M. 2009); s*ee also Kromelbein v. Envision Payment Sol., Inc.*, 2013 WL 3947109, *7 (M.D. Penn. Aug. 1, 2013)("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee. If anything, a company policy that violates the FDCPA is a more egregious transgression because it indicates endemic, rather than isolated, disregard for debtor rights."); *citing Edwards v. Niagara Credit Sol., Inc.*, 586 F. Supp. 2d 1346, 1354 (N.D. Ga. 2008) (awarding maximum damages in part because conduct was company policy, thereby making it routine and frequent).

28. Defendant's policies and procedures, as described in Paragraphs 6 through 21, *supra*, constitutes "conduct the natural consequence of which is to harass, oppress, or abuse" consumers.

29. Defendant's practice, therefore, violates Section 1692d of the FDCPA, which provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

*See* 15 U.S.C. §1692d.

4

30. Because Defendant's practice, in itself, violates the FDCPA, it reflects an intent to harass consumers generally.

31. Defendant violated 15 U.S.C. § 1692d by contacting third parties and disclosing the existence of the debt to third parties notwithstanding having Plaintiff's location information.

## COUNT IV

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 21 above as if fully set forth herein.

33. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT V

### Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act

34. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 21.

35. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

36. It was unfair for Defendant to disclose Melissa's debt to third parties and continue to attempt to collect the debt despite her refusal to pay.

37. Defendant violated 815 ILCS 505/2 through the unfair and deceptive nature of its conduct in relation to Plaintiff.

38. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

39. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

40. Plaintiff has suffered significant actual damages resulting from Defendant's unlawful practices, including both out of pocket expenses, as well as emotional pain and suffering.

## JURY DEMAND

41. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

42. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against Defendant for actual and punitive damages as provided under 815 ILCS 505/10a(a).

    c. Judgment against Defendant for costs and reasonable attorney fees as provided under 815 ILCS 505/10a(c).

    d. For such other legal and/or equitable relief as the Court deems appropriate.

                                      RESPECTFULLY SUBMITTED,

Date:   June 12, 2024                  By: /s/ Brian Guyer
                                            Brian Guyer, Esq.
                                            Hyslip Legal, LLC
                                            207 S. Harrison Street, Suite A
                                            Algonquin, IL 60102
                                            Phone: 614-362-3322
                                            Email: brian@hysliplegal.com

                                            *Attorney for Plaintiff*